**E-FILED**
Wednesday, 13 November, 2013  03:48:13 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CENTRAL ILLINOIS TRUCKS, INC., | ) | |
| d/b/a CIT Group, Inc., CIT EQUIPMENT | ) | |
| FINANCE, INC., CIT GROUP LEASING, | ) | |
| INC., and CIT PACLEASE, INC., | ) | |
| | ) | **No.  1:13-cv-01379-JES-JAG** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CIT GROUP, INC., CIT BANK, and CIT | ) | |
| FINANCE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM
TO COMPLAINT FOR DECLARATORY JUDGMENT**

Defendants, CIT Group Inc.[1], CIT Bank and CIT Finance LLC[2] (collectively

"Defendants"), by and through their undersigned counsel, for their Answer, Affirmative

Defenses and Counterclaim to the Complaint filed by Plaintiffs Central Illinois Trucks, Inc. d/b/a

CIT Group, Inc., CIT Equipment Finance, Inc. and CIT Group Leasing, Inc. d/b/a CIT Paclease,

Inc. (collectively "Plaintiffs"), state as follows:

**INTRODUCTION**

1.      Plaintiff Central Illinois Trucks, Inc. is a Delaware corporation established in
1975 with its principal place of business in Normal, McLeqan [sic] County, Illinois. The
Plaintiff, under its corporate name, its tradename/trademark CIT and its various subsidiaries
("the Central Illinois Trucks marks"), operates truck dealerships throughout Illinois wherein it
sells trucks from manufacturers such as Kenworth, Volvo, Mack, Isuzu and Mitsubishi and
repairs and maintains the condition of these trucks at its various locations in Illinois. Through its
various subsidiaries, the Plaintiff also offers financing and leasing to its customers.

---

[1] The correct name for this Defendant is CIT Group Inc.  Plaintiff incorrectly identifies this
Defendant as CIT Group, Inc.

[2]  The correct name for this Defendant is CIT Finance LLC.  Plaintiff incorrectly identifies this
Defendant as CIT Finance.

**ANSWER**:   Defendants admit that Plaintiffs offer financing and leasing to their

customers.  Defendants deny the remaining allegations contained in Paragraph 1.

2.      Defendant CIT Group, Inc. [sic], claims to be a Delaware corporation with its principal place of business in New Jersey, and has asserted that Plaintiff's use of the Central Illinois Trucks marks in connection with its truck sales, service and financing business violates Defendant's intellectual property rights in its "CIT" trademark under federal trademark law.

**ANSWER**:   Defendants admit that Defendant CIT Group Inc. is a Delaware

corporation with its principal place of business in New Jersey.  Defendants deny the remaining

allegations contained in Paragraph 2.

3.      Plaintiffs seek a declaratory judgment that the Plaintiff has not, through the use of the Central Illinois Trucks and its marks, violated or infringed any intellectual property or other right of the Defendant, including any alleged trademark rights, and that the Plaintiff has not taken any action that constitutes unfair competition, trademark dilution, or false and/or deceptive business practices or which creates confusion in the marketplace.

**ANSWER**:   Defendants admit that Plaintiffs seek a declaratory judgment.  Defendants

deny the remaining allegations contained in Paragraph 3.

4.      This action arises out of the Defendant's demands that the Plaintiff discontinue using the Plaintiffs' name and its marks in its variations.

**ANSWER**:   Defendants admit that Defendants demanded that Plaintiffs discontinue

using Defendants' marks or marks substantially similar to Defendants' marks, including

Defendants' marks for THE CIT GROUP®; THE CIT GROUP & Design®; CIT®; CIT &

Design®; C IT® and CIT.COM® (collectively the "CIT® Marks").  Defendants deny that the

CIT® Marks are Plaintiffs' name and Plaintiffs' marks.

## THE PARTIES

5.      Plaintiff Central Illinois Trucks, Inc., a/k/a as CIT or CIT Group, is a Delaware corporation with its principal place of business and mailing address at 200 W. Northtown Road, Normal, Illinois 61761. Plaintiff CIT Group Leasing, Inc, a/k/a CIT PacLease, is an Illinois corporation, with a principal place of business at 200 W. Northtown Road, Normal, Illinois 61761. Plaintiff CIT Equipment Finance, Inc. is an Illinois corporation, with a principal place of business at 200 W. Northtown Road, Normal, Illinois 61761. All entities except Central Illinois Trucks, Inc. are wholly owned subsidiaries of Central Illinois Trucks, Inc.

**ANSWER**:   Defendants lack knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 5, and therefore deny the same.

6.   Defendant CIT Group, Inc. [sic] has disclosed itself to Plaintiffs as a Delaware corporation, with its principal place of business at 1 CIT Drive, Livingston, New Jersey 07039. Defendant CIT Bank has disclosed itself to Plaintiffs as a Utah state chartered bank, with its principal place of business at 2180 S 1300 E #250, Salt Lake City, Utah 84106. Defendant CIT Finance LLC, has disclosed itself to Plaintiffs as a Delaware limited liability company, with its principal place of business at 1 CIT Drive, Livingston, New Jersey 07039.

**ANSWER**:   Defendants admit the allegations in Paragraph 6.

## JURISDICTION AND VENUE

7.   The Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 (federal question), 1338 (act of Congress relating to trademark and unfair competition), 1367(a) (supplemental jurisdiction), 2201(declaratory judgment as remedy), and 2202 (further relief), as well as 15 U.S.C. §§ 1051 et seq. (Federal Lanham Act).

**ANSWER**:   Defendants admit the allegations in Paragraph 7.

8.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and/or 1391(c) because Plaintiff maintains its principal place of business in this District, and on information and belief, the Defendants claim to have done business in this district.

**ANSWER**:   Defendants admit the allegations in Paragraph 8.

## FACTUAL BACKGROUND

9.   Since at least as early as 1975, Plaintiffs have been using the tradenames/trademarks, Central Illinois Trucks and/or CIT, in connection with their truck sales and service business in their advertising and on their various signs at its various locations in the State of Illinois; currently the Plaintiffs have no place of business outside of the State of Illinois.

**ANSWER**:   Defendants lack knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 9, and therefore deny the same.

10.   Since at least as early as 2000, Plaintiffs have maintained a Web site with the domain name cittrucks.com marketing trucks and related services. Attached as Exhibit A is a screen shot of the home page of Plaintiffs' Web site.

**ANSWER**:   Defendants lack knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 10, and therefore deny the same.

11.     In 2008, CIT Group Leasing, Inc. was formed and filed for an assumed name known as "CIT PacLease." In 2011, CIT Equipment Finance, Inc. was formed. These entities are wholly owned subsidiaries of Central Illinois Trucks, Inc., and they offer financing, leasing and rental of trucks (collectively, the "CIT Trucks Financial Services") solely and exclusively in connection with Plaintiffs' in-house truck sales and rental business. Attached as Exhibit B is a screen shot of the page on Plaintiffs' Web site for CIT Equipment Finance, Inc.; and attached as Exhibit C is a screen shot of the page on Plaintiffs' Web site for truck leasing and rental.

**ANSWER**:     Defendants lack knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 11, and therefore deny the same.

12.     At all relevant times, Plaintiffs have been using Central Illinois Trucks and/or CIT in interstate commerce in connection with their business.

**ANSWER**:     Defendants deny the allegations in Paragraph 12.

13.     Although the Plaintiffs do not own federal trademark registrations for Central Illinois Trucks or CIT, the Plaintiffs have registered their name with the Illinois Secretary of State and have acquired common law trademark rights through their substantial and continuous use of Central Illinois Trucks and/or CIT in connection with their truck sales and service business.

**ANSWER**:     Defendants deny the allegations in Paragraph 13.

14.     Plaintiff is informed and believes and upon such information or belief states that Defendant CIT Group, Inc. and its subsidiaries provide various financial services, such as equipment financing, factoring, business credit, sales financing and capital financing under the registered trademark The CIT Group. Attached as Exhibit D is a screen shot of Defendant's Web site listing its services and products. Some of their services may include incidental leasing and financing of trucks; however, it is not the focus of its marketing.

**ANSWER**:     Defendants admit that Defendant, CIT Group Inc., and its subsidiaries

provide various financial services under the registered trademark THE CIT GROUP®.

Defendants admit that Exhibit D is a screen shot from one of Defendants' websites.  Defendants

deny the remaining allegations contained in Paragraph 14.

15.     On January 25, 2013, Defendants contacted the Plaintiff to demand that the Plaintiffs cease and desist their use of the CIT Marks in connection with the Plaintiffs' in-house truck and equipment financing and leasing.

**ANSWER**:     Defendants deny the allegations in Paragraph 15.

## COUNT I

## DECLARATORY JUDGMENT THAT PLAINTIFFS' USE OF THE "CENTRAL ILLINOIS TRUCKS MARKS" DO [sic] NOT CONSTITUTE TRADEMARK INFRINGEMENT OR UNFAIR COMPETITION UNDER THE FEDERAL LANHAM ACT

16.     Plaintiffs incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

**ANSWER**:     Defendants incorporate by reference their answers to the allegations

contained in Paragraphs 1 through 15 of the Complaint as if restated in full herein.

17.     Plaintiffs bring this action for declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202, as to the relevant rights, liabilities, and obligations of Plaintiffs and Defendants with respect to the Federal Lanham Act, 15 U.S.C. §§ 1051 et. seq.

**ANSWER**:     Defendants admit that Plaintiffs request this declaratory judgment

pursuant to 28 U.S.C. §§ 2201 and 2202, but deny there is any merit to such claims.

18.     Plaintiffs have not violated the Lanham Act because, among other reasons, Plaintiffs have not, in connection with any goods or services, used in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which (A) is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval or his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.

**ANSWER**:     Defendants deny the allegations in Paragraph 18.

19.     Moreover, the Defendants have unduly delayed in asserting their rights in the Central Illinois Trucks and/or CIT marks.

**ANSWER**:     Defendants deny the allegations in Paragraph 19.

20.     An actual case or controversy exists between the parties that may be adjudicated by this Court consistent with Article III of the United States Constitution.

**ANSWER**:     Based upon the actions of the parties, Defendants deny that an actual and

justiciable controversy existed prior to the commencement of this litigation.

## COUNT II

**DECLARATORY JUDGMENT THAT PLAINTIFF'S USE OF THE "CENTRAL ILLINOIS TRUCKS MARKS" DOES NOT CONSTITUTE TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, OR FALSE AND/OR DECEPTIVE ADVERTISING OR TRADE PRACTICES UNDER ANY STATE LAW**

21.     The Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

**ANSWER**:     Defendants incorporate by reference their answers to the allegations

contained in Paragraphs 1 through 20 of the Complaint as if restated in full herein.

22.     The Plaintiffs bring this action for declaratory judgment pursuant to 28 U.S.C. §§2201, 2202, and 1367, as to the relevant rights, liabilities, and obligations of the Plaintiffs and the Defendants with respect to any alleged violation of state trademark, unfair competition, and false and/or deceptive advertising laws.

**ANSWER**:     Defendants admit that Plaintiffs request this declaratory judgment

pursuant to 28 U.S.C. §§ 2201, 2202 and 1367, but deny there is any merit to such claims.

23.     The Plaintiffs have not violated any state trademark, unfair competition, or false and/or deceptive advertising laws through the use of the Central Illinois Trucks and its marks in connection with their in-house truck and equipment financing.

**ANSWER**:     Defendants deny the allegations in Paragraph 23.

## COUNT III

**DECLARATORY JUDGMENT THAT PLAINTIFF'S USE OF THE "CIT MARKS" DOES NOT CONSTITUTE TRADEMARK DILUTION UNDER THE FEDERAL LANHAM ACT**

23.[sic]  The Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

 **ANSWER**:   Defendants note that the Complaint has two Paragraph Nos. 23.  Defendants

 incorporate by reference their answers to the allegations contained in Paragraphs 1 through 23

 of the Complaint as if restated in full herein.

24.     The Plaintiffs brings this action for declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202, as to the relevant rights, liabilities, and obligations of the Plaintiffs and the Defendants with respect to the federal Lanham Act, 15 U.S.C. §§ 1051 et. seq., specifically 15 U.S.C. § 1125(c).

**ANSWER**:     Defendants admit that Plaintiffs request this declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, but deny there is any merit to such claims.

25.     The Plaintiffs have not violated 15 U.S.C. § 1125(c) because, among other reasons, Defendants' trademark has not been diluted by the Plaintiffs' limited use of the Central Illinois Trucks Marks in connection with its in-house truck and equipment financing.

**ANSWER**:     Defendants deny the allegations in Paragraph 25.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs do not own any rights in the names CIT; CIT Group, Inc.; CIT Group Leasing, Inc.; CIT Equipment Finance, Inc.; and CIT Paclease, Inc. ("Infringing Marks") in connection with equipment leasing and financing services.  Defendants' CIT® Marks have priority over the Infringing Marks.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' registration of Plaintiffs' name with the Illinois Secretary of State confers no rights on Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

Defendants' United States Trademark Registration Nos. 1448848; 1452503; 2766028; and 2781012 for the CIT® Marks are incontestable and thus serve as conclusive evidence of the validity of these trademark registrations, and Defendants' ownership of the CIT® Marks and

exclusive right to use the CIT® Marks in connection with lending, leasing, financial and advisory services.

## ADDITIONAL DEFENSES

Defendants reserve the right to assert additional defenses based on information learned or obtained during discovery.

**WHEREFORE**, Defendants, CIT Group Inc., CIT Bank, and CIT Finance LLC, request that the Court:  (a) dismiss each Count of Plaintiffs' Complaint for Declaratory Judgment,  (b) grant Defendants their attorneys' fees and costs, and  (c) grant any additional relief the Court deems just.

**CIT GROUP INC., CIT BANK, and
CIT FINANCE LLC**


By:____/s/ *Richard P. Darke*_____
            One of Their Attorneys

Richard P. Darke
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Telephone: (312) 499-6743
Facsimile: (312) 277-2355
rpdarke@duanemorris.com

Gregory P. Gulia
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CENTRAL ILLINOIS TRUCKS, INC., d/b/a CIT Group, Inc., CIT EQUIPMENT FINANCE, INC., CIT GROUP LEASING, INC., d/b/a CIT PACLEASE, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | **No. 1:13-cv-01379-JES-JAG** |
| v. | ) ) | |
| CIT GROUP INC., CIT BANK, and CIT FINANCE LLC | ) ) ) ) | |
| Defendants. | ) | |
| CIT GROUP INC., CIT BANK, and CIT FINANCE LLC, | ) ) ) | |
| Counterclaim-Plaintiffs, | ) ) | |
| v. | ) ) | |
| CENTRAL ILLINOIS TRUCKS, INC., d/b/a CIT Group, Inc., CIT EQUIPMENT FINANCE, INC., CIT GROUP LEASING, INC. d/b/a CIT PACLEASE, INC., | ) ) ) ) | |
| Counterclaim-Defendants. | ) | |

## COUNTERCLAIM

Defendants and Counterclaim-Plaintiffs, CIT Group Inc., CIT Bank and CIT Finance LLC (collectively, "Counterclaim-Plaintiffs"), for their counterclaim against Plaintiffs and Counterclaim-Defendants, Central Illinois Trucks, Inc., d/b/a CIT Group, Inc., CIT Equipment Finance, Inc., CIT Group Leasing, Inc. d/b/a CIT PacLease, Inc. (collectively, "Counterclaim-Defendants"), state:

## PARTIES

1.      Counterclaim-Plaintiff CIT Group Inc., is a Delaware corporation with its principal place of business at 1 CIT Drive, Livingston, New Jersey 07039. Counterclaim-Plaintiff CIT Bank is a Utah state chartered bank with its principal place of business at 2180 S. 1300 E. #250, Salt Lake City, Utah 84106.  Counterclaim-Plaintiff CIT Finance LLC is a Delaware limited liability company with its principal place of business at 1 CIT Drive, Livingston, New Jersey 07039.

2.      Upon information and belief, Counterclaim-Defendant Central Illinois Trucks, Inc., d/b/a CIT Group, Inc., is a Delaware corporation with its principal place of business located at 200 West Northtown Road, Normal, Illinois 61761.  Upon information and belief Counterclaim-Defendant CIT Equipment Finance, Inc. is an Illinois corporation with its principal place of business at 200 W Northtown Road, Normal, Illinois 61761.  Upon information and belief Counterclaim-Defendant CIT Group Leasing, Inc., d/b/a CIT Paclease, Inc., is an Illinois corporation with its principal place of business at 200 W Northtown Road, Normal, Illinois 61761.

## JURISDICTION AND VENUE

3.      Jurisdiction over Counterclaim-Plaintiffs' claims under the Lanham Act arises under 25 U.S.C. § 1338(a).  Jurisdiction over Counterclaim-Plaintiffs' claims under state and common law arises under 25 U.S.C. § 1338(b) and principles of supplemental jurisdiction.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the Counterclaims were committed in this District.

## FACTUAL BACKGROUND

### A.    Counterclaim-Plaintiffs' Activities

5.    Counterclaim-Plaintiffs are recognized as one of the nation's leading providers of lending, leasing and other financial and advisory services.  Counterclaim-Plaintiffs own the exclusive trademark rights to the CIT® Marks in connection with lending, leasing, financial and advisory services.

6.    Counterclaim-Plaintiff, CIT Group Inc., and its predecessors and affiliates have been in existence since 1908.  Counterclaim-Plaintiff, CIT Group Inc., and its predecessors and affiliates have offered lending, leasing and other financial and advisory services under the CIT® Marks continuously in interstate commerce for over 95 years and long prior to the acts of Counterclaim-Defendants.  Attached hereto as **Exhibit 1** is evidence of Counterclaim-Plaintiffs' use of the CIT® Marks since 1915.

7.    Counterclaim-Plaintiffs are publicly traded (NYSE: CIT) and members of the Fortune 1000.  Counterclaim-Plaintiff, CIT Group Inc., is a bank holding company with more than $33 billion in financing and leasing assets.

8.    Counterclaim-Plaintiffs offer lending, leasing, financial and advisory services under the CIT® Marks to more than 30 industries, including the trucking industry.  Counterclaim-Plaintiffs' CIT® Marks have appeared on promotional and advertising materials, and other materials.

9.    Counterclaim-Plaintiffs' CIT® Marks are federally registered in the United States and throughout the world for a variety of services including, "equipment financing." Counterclaim-Plaintiffs are the owners of the following trademark registrations for the CIT® Marks, which are registered on the Principal Register of the United States Patent and Trademark Office.

| MARK | U.S. REG. NO. | REGISTRATION DATE | SERVICES |
|------|------|------|------|
| THE CIT GROUP | 1448848 | 07/21/1987 | Financial services, namely, equipment financing, factoring, business credit, sales financing, and capital financing. (First use: April 23, 1986) |
| THE CIT GROUP & DESIGN | 1452503 | 08/11/1987 | Financial services, namely, equipment financing, factoring, business credit, sales financing and capital financing.  (First use: April 23, 1986) |
| CIT | 2766028 | 09/23/2003 | Leasing of office equipment; commercial and consumer financial services, namely, asset based lending, asset management, leasing of real estate, merchant banking, structured financing, project financing, venture capital funding to emerging and start-up companies, franchise financing, and rail and aviation financing. (First use: April 1, 1956) |
| CIT & Design | 2781012 | 11/11/2003 | Industrial asset management services, namely, auctioning, liquidating and remarketing industrial assets of others, leasing office equipment; commercial and consumer financial services, including secured and unsecured financing, asset based lending, leasing of real estate, merchant banking, structured financing, project financing, venture capital funding to emerging and start-up companies, franchise financing, and rail and aviation financing, equipment financing, factoring agencies, lines of credit lending, syndication and equity investments. (First use: January 24, 2000) |

Attached hereto as **Exhibit 2** are true and correct copies of Counterclaim-Plaintiffs' federal

registrations for the CIT® Marks, U.S. Reg. Nos. 1448848; 1452503; 2766028; and 2781012.

10.     United States Trademark Registration Nos. 1448848; 1452503; 2766028; and 2781012 are incontestable and thus serve as conclusive evidence of the validity of these trademark registrations, and Counterclaim-Plaintiffs' ownership of the CIT® Marks and exclusive right to use the CIT® Marks in connection with the services.

11.     Counterclaim-Plaintiffs have common law trademark rights in the CIT® Marks based on Counterclaim-Plaintiffs' use of the CIT® Marks in connection with lending, leasing, financial and advisory services for the trucking industry specifically.

12.     Counterclaim-Plaintiffs operate in locations throughout the world. Counterclaim-Plaintiffs' services are currently offered to consumers throughout this District, this State and the United States, as well as various other countries.

13.     Counterclaim-Plaintiffs' CIT® brand services are among the most popular brands for lending, leasing, financial and advisory services in the United States.  Sales of the CIT® brand services have generated billions of dollars of revenue.

14.     Counterclaim-Plaintiffs have invested and continue to invest enormous amounts of time and money developing, advertising, promoting and marketing the CIT® Marks and the services offered thereunder.

15.     Counterclaim-Plaintiffs' CIT® brand services have been marketed, advertised and promoted throughout the country through Counterclaim-Plaintiffs' national advertising and branding campaigns.  Counterclaim-Plaintiffs promote the CIT® Marks in national media advertising, including industry publications and print advertisements in leading newspapers and magazines.

16.     Counterclaim-Plaintiffs also advertise and promote Counterclaim-Plaintiffs' services under the CIT® Marks on the Internet.  Counterclaim-Plaintiffs maintain websites,

including the www.cit.com website, to advertise and promote Counterclaim-Plaintiffs' CIT®

brand services and provide information regarding Counterclaim-Plaintiffs' CIT® brand services

to consumers.  Counterclaim-Plaintiffs maintain social media pages, such as Facebook,

LinkedIn, Twitter, Google+ and other social media pages to advertise and promote

Counterclaim-Plaintiffs' CIT® brand services.  Attached hereto as **Exhibit 3** are print-outs from

Counterclaim-Plaintiffs' website featuring the CIT® brand lending, leasing and other financial

and advisory services.

17.     As a result of the substantial time, effort, and financial resources that

Counterclaim-Plaintiffs have invested developing, marketing, promoting and advertising the

CIT® brand services, the CIT® Marks have acquired and maintained a highly regarded reputation

and substantial goodwill.  The CIT® Marks symbolize the substantial and material goodwill that

Counterclaim-Plaintiffs have created for the CIT® Marks throughout the United States.

18.     The CIT® Marks have become extremely well known to the consuming public and

trade as identifying and distinguishing Counterclaim-Plaintiffs' CIT® brand lending, leasing and

other financial and advisory services from those of Counterclaim-Plaintiffs' competitors.

**B.     Counterclaim-Defendants' Activities**

19.     Counterclaim-Defendants provide equipment leasing and financing services in

connection with the Infringing Marks which are identical or substantially similar to

Counterclaim-Plaintiffs' CIT® Marks.  Counterclaim-Defendants market, promote and sell their

services in connection with the Infringing Marks to the trucking and logistics industries and on

their website located at www.cittrucks.com.  Attached hereto as **Exhibit 4** are print-outs from

Counterclaim-Defendants' website featuring the Infringing Marks in connection with lending,

leasing and other financial services.

20.     Counterclaim-Defendants' use of the Infringing Marks commenced after Counterclaim-Plaintiffs' first use of the CIT® Marks.  Counterclaim-Defendant, Central Illinois Trucks, Inc., was founded in 1975 as Central Illinois Kenworth Sales & Services, Inc.  In 1985, Central Illinois Kenworth Sales & Services, Inc., changed its name to Counterclaim-Defendant, Central Illinois Trucks, Inc.  In 2004, Counterclaim-Defendant, Central Illinois Trucks, Inc., filed for an assumed name of CIT Group, Inc.  In 2008, Counterclaim-Defendant, CIT Group Leasing, Inc. d/b/a CIT Paclease was formed.  In 2011, Counterclaim-Defendant, CIT Equipment Finance, Inc. was formed.

21.     Counterclaim-Defendants' unauthorized use of the Infringing Marks is likely to deceive, mislead and confuse the consuming public.  Counterclaim-Defendants use the Infringing Marks with the purpose of trading on Counterclaim-Plaintiffs' goodwill, effort and investment.  Consumers are likely to believe that Counterclaim-Defendants' equipment leasing and financing services originate with and/or are sponsored by, licensed from, or otherwise affiliated with Counterclaim-Plaintiffs.

22.     Counterclaim-Defendants' unauthorized use of the Infringing Marks has already deceived, misled and confused the consuming public.  Counterclaim-Plaintiffs are in receipt of evidence of actual consumer confusion between Counterclaim-Defendants' and Counterclaim-Plaintiffs' respective services.

23.     Counterclaim-Defendants had prior knowledge of Counterclaim-Plaintiffs' CIT® Marks.  Upon information and belief, Counterclaim-Defendants intended to trade upon and illegally profit from Counterclaim-Plaintiffs' substantial goodwill by adopting the Infringing Marks which are identical or substantially similar to Counterclaim-Plaintiffs' CIT® Marks.

24.     Prior to the filing of this Complaint, Counterclaim-Plaintiffs' counsel sent a demand letter, dated January 24, 2013 to Counterclaim-Defendants.  Counterclaim-Plaintiffs' counsel sent another demand letter, dated March 15, 2013 to Counterclaim-Defendants' counsel.  Counterclaim-Plaintiffs demanded that Counterclaim-Defendants cease all use of the Infringing Marks.  Counterclaim-Plaintiffs advised Counterclaim-Defendants of Counterclaim-Plaintiffs' exclusive trademark rights in the CIT® Marks.  Despite Counterclaim-Plaintiffs' demands, Counterclaim-Defendants have not ceased their illegal marketing and promotion of services under the Infringing Marks.

25.     Counterclaim-Defendants have refused to cease their infringing conduct despite being put on notice of Counterclaim-Plaintiffs' prior and exclusive rights in the CIT® Marks.  Counterclaim-Defendants engage in deliberate, intentional and willful infringement designed to confuse consumers as to the source of Counterclaim-Defendants' services offered under the Infringing Marks.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### UNDER SECTION 32(1) OF THE LANHAM ACT (15 U.S.C. § 1114(1))

26.     Counterclaim-Plaintiffs repeat and reallege Paragraphs 1 through 25 as though fully set forth herein.

27.     Counterclaim-Defendants' actions as described herein infringe Counterclaim-Plaintiffs' exclusive rights in the federally registered and incontestable CIT® Marks for lending, leasing, financial and advisory services.  Counterclaim-Defendants' aforementioned conduct is likely to cause confusion, mistake, or deception, and constitutes trademark infringement, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

28.     Counterclaim-Defendants' actions are with full knowledge of Counterclaim-Plaintiffs' long and extensive prior use of the CIT® Marks in connection with lending, leasing, financial and advisory services.

29.     Counterclaim-Defendants' conduct is causing immediate and irreparable injury to Counterclaim-Plaintiffs, and to Counterclaim-Plaintiffs' goodwill and reputation, and will continue both to damage Counterclaim-Plaintiffs and to confuse the public unless enjoined by this Court.  Counterclaim-Plaintiffs have no adequate remedy at law.

## COUNT II

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

30.     Counterclaim-Plaintiffs repeat and reallege Paragraphs 1 through 29 as though fully set forth herein.

31.     Counterclaim-Defendants' use of the Infringing Marks is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection or association of Counterclaim-Defendants with Counterclaim-Plaintiffs, or as to the origin, sponsorship or approval of Counterclaim-Defendants' services by Counterclaim-Plaintiffs. Counterclaim-Defendants' unauthorized use of Counterclaim-Plaintiffs' CIT® Marks falsely represents Counterclaim-Defendants as being legitimately associated with Counterclaim-Plaintiffs and places Counterclaim-Plaintiffs beyond control of their own reputation and ability to control the use of their marks.

32.     Counterclaim-Defendants' above-described acts of unfair competition violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33.     Upon information and belief, the above-described conduct is willful and deliberate and with an intent to reap the benefit of Counterclaim-Plaintiffs' goodwill.

34. The aforesaid conduct is causing Counterclaim-Plaintiffs to suffer irreparable injury and damage, which injuries and damage are not capable of determination or adequate remedy at law and, unless restrained, will cause further irreparable injury and damage to Counterclaim-Plaintiffs. Counterclaim-Plaintiffs have no adequate remedy at law.

## COUNT III

### FEDERAL TRADEMARK DILUTION UNDER
### SECTION 43(c) OF THE LANHAM ACT (15 U.S.C. § 1125(c))

35. Counterclaim-Plaintiffs repeat and reallege Paragraphs 1 through 34 as though fully set forth herein.

36. Counterclaim-Plaintiffs' CIT® Marks are famous and well-known throughout the United States and were famous at the time of Counterclaim-Defendants' infringing activities. Counterclaim-Plaintiffs are publicly traded and the CIT® Marks have been used extensively by at least one of Counterclaim-Plaintiffs or their predecessors and affiliates for over 95 years. By reason of Counterclaim-Plaintiffs' extensive use of the CIT® Marks, they have become highly distinctive of Counterclaim-Plaintiffs' services and are uniquely and exclusively associated with Counterclaim-Plaintiffs.

37. Any use by Counterclaim-Defendants of the Infringing Marks in connection with equipment leasing, financing services and trucking services is likely to dilute the distinctive quality of Counterclaim-Plaintiffs' famous trademarks, by lessening the capacity of the CIT® Marks to exclusively identify and distinguish Counterclaim-Plaintiffs and their services in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

38. Upon information and belief, the foregoing acts were done willfully and deliberately and with an intent to reap the benefit of Counterclaim-Plaintiffs' goodwill and dilute the distinctiveness of Counterclaim-Plaintiffs' CIT® Marks.

39.     The aforesaid conduct is causing Counterclaim-Plaintiffs to suffer irreparable injury and damage, and, unless restrained, will cause further irreparable injury and damage to Counterclaim-Plaintiffs.  Counterclaim-Plaintiffs have no adequate remedy at law.

## COUNT IV

### STATE TRADEMARK DILUTION UNDER 765 ILCS § 1036/65

40.     Counterclaim-Plaintiffs repeat and reallege Paragraphs 1 through 39 as though fully set forth herein.

41.     Counterclaim-Plaintiffs' CIT® Marks are famous and well-known throughout the United States, including the State of Illinois, and were famous at the time of Counterclaim-Defendants' infringing activities.  Counterclaim-Plaintiffs' are publicly traded and the CIT® Marks have been used extensively by at least one of Counterclaim-Plaintiffs or their predecessors and affiliates for over 95 years.  By reason of Counterclaim-Plaintiffs' extensive use of their CIT® Marks, they have become highly distinctive of Counterclaim-Plaintiffs' services and are uniquely and exclusively associated with Counterclaim-Plaintiffs.

42.     Any use by Counterclaim-Defendants of the Infringing Marks in connection with equipment leasing, financing services and trucking services is likely to dilute the distinctive quality of Counterclaim-Plaintiffs' famous trademarks, by lessening the capacity of the CIT® Marks to exclusively identify and distinguish Counterclaim-Plaintiffs and their services in violation of 765 ILCS § 1036/65.

43.     Upon information and belief, the foregoing acts were done willfully and deliberately and with an intent to reap the benefit of Counterclaim-Plaintiffs' goodwill and dilute the distinctiveness of Counterclaim-Plaintiffs' CIT® Marks.

44.     The aforesaid conduct is causing Counterclaim-Plaintiffs to suffer irreparable injury and damage, and, unless restrained, will cause further irreparable injury and damage to Counterclaim-Plaintiffs.  Counterclaim-Plaintiffs have no adequate remedy at law.

**COUNT V**

**DECEPTIVE TRADE PRACTICES UNDER 815 ILCS § 510/1**

45.     Counterclaim-Plaintiffs repeat and reallege Paragraphs 1 through 44 and incorporate them as if fully set forth herein.

46.     As a result of the aforesaid acts, Counterclaim-Defendants have been and are engaging in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, *et seq*.

47.     Counterclaim-Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Counterclaim-Plaintiffs great and irreparable injury that cannot fully be compensated for or measured in money.  Counterclaim-Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants and Counterclaim-Plaintiffs demand judgment as follows:

A.     Dismissing the Complaint with prejudice.

B.     Declaring that Plaintiffs' and Counterclaim-Defendants' actual and intended use of the Infringing Marks infringes and dilutes the rights of Defendants and Counterclaim-Plaintiffs in the CIT® Marks, and constitutes unfair competition and deceptive trade practices, in violation of state and federal law.

C.     That Counterclaim-Defendants, their principals, employees, agents, officers, directors, shareholders, attorneys, representatives, successors and assigns, and all persons in active concert or participation with any of them, be permanently enjoined from:

(1)     Using the CIT® Marks or any reproduction, copy, counterfeit, variation, colorable imitation or simulation of those names or marks, either alone or in combination with any other designation, on or in connection with any business, goods or services, and otherwise from infringing or diluting Counterclaim-Plaintiffs' names, trademarks or reputation;

(2)     Using, authorizing or aiding in any way any third party to use any false designation of origin or false description, or performing any act which can, or is likely to, mislead members of the public or the trade to believe that any product or service offered by Counterclaim-Defendants is in any manner associated or connected with Counterclaim-Plaintiffs, or sponsored, approved or authorized by Counterclaim-Plaintiffs, or that there is any affiliation between Counterclaim-Defendants and Counterclaim-Plaintiffs;

(3)     Engaging in any other activity constituting unfair competition with Counterclaim-Plaintiffs, or constituting dilution or infringement of Counterclaim-Plaintiffs' trademarks, or of Counterclaim-Plaintiffs' rights in, or to use or exploit, their trade names and trademarks; and

(4)     Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (3) above.

D.     That Counterclaim-Defendants be ordered to recall immediately any goods and all copies of any advertising and promotional materials bearing or sold under the Infringing Marks, which are currently in the possession of distributors, retail or wholesale establishments and to cease forthwith the distribution and/or sale of products or services under the Infringing Marks.

E.     That an accounting be had of any profits flowing from Counterclaim-Defendants' infringement.

21

F.     That Counterclaim-Plaintiffs be granted such other relief as the Court may deem appropriate to prevent the public and the trade from deriving the erroneous impression that any product or service manufactured, distributed, advertised, promoted, offered for sale or sold by Counterclaim-Defendants bearing Counterclaim-Plaintiffs' CIT® Marks is authorized by Counterclaim-Plaintiffs.

G.     That Counterclaim-Defendants be directed to file with the Court and serve upon Counterclaim-Plaintiffs' counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Counterclaim-Defendants have complied with the above.

H.     That Counterclaim-Plaintiffs be awarded such damages as they have sustained or will sustain by reason of Counterclaim-Defendants' trademark infringement, unfair competition, use of a false designation of origin or false description or representation, injury to business reputation, and deceptive trade practices, together with appropriate interest on such damages, and that, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, such damages be trebled.

I.     That Counterclaim-Defendants be ordered to pay over to Counterclaim-Plaintiffs all the profits, gains, savings and advantages realized by Counterclaim-Defendants from their acts of trademark infringement, unfair competition, use of false designation of origin or false description or representation, injury to business reputation, and deceptive trade practices.

J.     That Counterclaim-Defendants be ordered to pay to Counterclaim-Plaintiffs such exemplary damages as the Court finds appropriate.

K.     Awarding Defendants and Counterclaim-Plaintiffs the costs of this action, including their reasonable attorneys' fees, costs and expenses incurred herewith.

L.      Granting Defendants and Counterclaim-Plaintiffs such other and further relief as the Court may deem just and proper.

**CIT GROUP INC., CIT BANK, and
CIT FINANCE LLC**

By:____/s/ *Richard P. Darke*_____
            One of Their Attorneys

Richard P. Darke
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Telephone: (312) 499-6743
Facsimile: (312) 277-2355
rpdarke@duanemorris.com

Gregory P. Gulia
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney certifies that on November 13, 2013, he caused the foregoing

Answer, Affirmative Defenses, And Counterclaim To Complaint For Declaratory Judgment to be

electronically filed with the Clerk of the U.S. District Court, using the Court's CM/ECF system,

which will send electronic notification of the filing to those parties who have appeared and are

registered as CM/ECF participants.  Parties may access this filing through the Court's system.

*/s/ Richard P. Darke*

One of the Attorneys for
Defendants/Counterclaim-Plaintiffs
CIT Group Inc.; CIT Bank;
and CIT Finance LLC

Richard P. Darke
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Telephone: (312) 499-6743
Facsimile: (312) 277-2355
rpdarke@duanemorris.com