IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

CENTRAL ILLINOIS TRUCKS, INC., d/b/a )
CIT Group, Inc., CIT EQUIPMENT )
FINANCE, INC., CIT GROUP LEASING, )
INC., and CIT PACLEASE, INC., )
                                                                )
        Plaintiffs, )
                                                                 )
vs. )    Case No. 1:13-cv-01379-JES-JAG
                                                )
CIT GROUP, INC., CIT BANK, and CIT )
FINANCE, )
                                               )
        Defendants. )
                                               )

# PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM FOR DECLARATORY JUDGMENT

Plaintiffs and Counterclaim-Defendants CENTRAL ILLINOIS TRUCKS, INC., d/b/a CIT Group, Inc., CIT EQUIPMENT FINANCE, INC., CIT GROUP LEASING, INC., and CIT PACLEASE, INC. ("Counterclaim-Defendants") by and through their counsel, LaBarre, Young & Behnke, for their Answer and Affirmative Defenses to the Counterclaim filed by the Defendants and Counterclaim-Plaintiffs, CIT Group Inc., CIT Bank and CIT Finance LLC ("Counterclaim-Plaintiffs") state as follows:

**PARTIES**

      1.     Counterclaim-Plaintiff CIT Group Inc., is a Delaware corporation with its principal place of business at 1 CIT Drive, Livingston, New Jersey 07039. Counterclaim-Plaintiff CIT Bank is a Utah state chartered bank with its principal place of business at 2180 S. 1300 E. #250, Salt Lake City, Utah

84106. Counterclaim-Plaintiff CIT Finance LLC is a Delaware limited liability company with its principal place of business at 1 CIT Drive, Livingston, New Jersey 07039.

**ANSWER**:   The Counterclaim-Defendants admit the allegations contained in Paragraph 1.

2.   Upon information and belief, Counterclaim-Defendant Central Illinois Trucks, Inc., d/b/a CIT Group, Inc., is a Delaware corporation with its principal place of business located at 200 West Northtown Road, Normal, Illinois 61761. Upon information and belief Counterclaim-Defendant CIT Equipment Finance, Inc. is an Illinois corporation with its principal place of business at 200 W Northtown Road, Normal, Illinois 61761. Upon information and belief Counterclaim-Defendant CIT Group Leasing, Inc., d/b/a CIT Paclease, Inc., is an Illinois corporation with its principal place of business at 200 W Northtown Road, Normal, Illinois 61761.

**ANSWER**:   The Counterclaim-Defendants admit the allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3.   Jurisdiction over Counterclaim-Plaintiffs' claims under the Lanham Act arises under 25 U.S.C. § 1338(a). Jurisdiction over Counterclaim-Plaintiffs' claims under state and common law arises under 25 U.S.C. § 1338(b) and principles of supplemental jurisdiction.

**ANSWER**:   The Counterclaim-Defendants admit the allegations contained in Paragraph 2.

4.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the Counterclaims were committed in this District.

**ANSWER**:   The Counterclaim-Defendants admit the allegations contained in Paragraph 2.

## FACTUAL BACKGROUND

### A. Counterclaim-Plaintiffs' Activities

5. Counterclaim-Plaintiffs are recognized as one of the nation's leading providers of lending, leasing and other financial and advisory services. Counterclaim-Plaintiffs own the exclusive trademark rights to the CIT® Marks in connection with lending, leasing, financial and advisory services.

**ANSWER**: The Counterclaim-Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 and therefore deny them.

6. Counterclaim-Plaintiff, CIT Group Inc., and its predecessors and affiliates have been in existence since 1908. Counterclaim-Plaintiff, CIT Group Inc., and its predecessors and affiliates have offered lending, leasing and other financial and advisory services under the CIT® Marks continuously in interstate commerce for over 95 years and long prior to the acts of Counterclaim-Defendants. Attached hereto as **Exhibit 1** is evidence of Counterclaim-Plaintiffs' use of the CIT® Marks since 1915.

**ANSWER**: The Counterclaim-Defendants admit the allegations contained in Paragraph 6 to the extent that there is an attachment to the Counterclaim labeled as Exhibit 1. The Counterclaim-Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 6 and therefore deny them.

7. Counterclaim-Plaintiffs are publicly traded (NYSE: CIT) and members of the Fortune 1000. Counterclaim-Plaintiff, CIT Group Inc., is a bank holding company with more than $33 billion in financing and leasing assets.

**ANSWER**: The Counterclaim-Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 and therefore deny them.

8.   Counterclaim-Plaintiffs offer lending, leasing, financial and advisory services under the CIT® Marks to more than 30 industries, including the trucking industry. Counterclaim-Plaintiffs' CIT® Marks have appeared on promotional and advertising materials, and other materials.

**ANSWER**:   The Counterclaim-Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 and therefore deny them.

9.   Counterclaim-Plaintiffs' CIT® Marks are federally registered in the United States and throughout the world for a variety of services including, "equipment financing." Counterclaim-Plaintiffs are the owners of the following trademark registrations for the CIT® Marks, which are registered on the Principal Register of the United States Patent and Trademark Office . . . [table] . . . Attached hereto as **Exhibit 2** are true and correct copies of Counterclaim-Plaintiffs' federal registrations for the CIT® Marks, U.S. Reg. Nos. 1448848; 1452503; 2766028; and 2781012.

**ANSWER**:   The Counterclaim-Defendants admit the allegations contained in Paragraph 9 to the extent that there is an attachment to the Counterclaim labeled as Exhibit 2. The Counterclaim-Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 9 and therefore deny them.

10.   United States Trademark Registration Nos. 1448848; 1452503; 2766028; and 2781012 are incontestable and thus serve as conclusive evidence of the validity of these trademark registrations, and Counterclaim-Plaintiffs' ownership of the CIT® Marks and exclusive right to use the CIT® Marks in connection with the services.

**ANSWER**:   The Counterclaim-Defendants deny the allegations contained in Paragraph 10.

11.   Counterclaim-Plaintiffs have common law trademark rights in the CIT® Marks based on Counterclaim-Plaintiffs' use of the CIT® Marks in connection with lending, leasing, financial and advisory services for the trucking industry specifically.

**ANSWER**: The Counterclaim-Defendants deny the allegations contained in Paragraph 11.

12. Counterclaim-Plaintiffs operate in locations throughout the world. Counterclaim-Plaintiffs' services are currently offered to consumers throughout this District, this State and the United States, as well as various other countries.

**ANSWER**: The Counterclaim-Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 and therefore deny them.

13. Counterclaim-Plaintiffs' CIT® brand services are among the most popular brands for lending, leasing, financial and advisory services in the United States. Sales of the CIT® brand services have generated billions of dollars of revenue.

**ANSWER**: The Counterclaim-Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 and therefore deny them.

14. Counterclaim-Plaintiffs have invested and continue to invest enormous amounts of time and money developing, advertising, promoting and marketing the CIT® Marks and the services offered thereunder.

**ANSWER**: The Counterclaim-Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 and therefore deny them.

15. Counterclaim-Plaintiffs' CIT® brand services have been marketed, advertised and promoted throughout the country through Counterclaim-Plaintiffs' national advertising and branding campaigns. Counterclaim-Plaintiffs promote the CIT® Marks in national media advertising, including industry publications and print advertisements in leading newspapers and magazines.

**ANSWER**:   The Counterclaim-Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 and therefore deny them.

16.   Counterclaim-Plaintiffs also advertise and promote Counterclaim-Plaintiffs' services under the CIT® Marks on the Internet. Counterclaim-Plaintiffs maintain websites, including the www.cit.com website, to advertise and promote Counterclaim-Plaintiffs' CIT® brand services and provide information regarding Counterclaim-Plaintiffs' CIT® brand services to consumers. Counterclaim-Plaintiffs maintain social media pages, such as Facebook, LinkedIn, Twitter, Google+ and other social media pages to advertise and promote Counterclaim-Plaintiffs' CIT® brand services. Attached hereto as **Exhibit 3** are print-outs from Counterclaim-Plaintiffs' website featuring the CIT® brand lending, leasing and other financial and advisory services.

**ANSWER**:   The Counterclaim-Defendants admit the allegations contained in Paragraph 16 to the extent that there is an attachment to the Counterclaim labeled as Exhibit 3. The Counterclaim-Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 16 and therefore deny them.

17.   As a result of the substantial time, effort, and financial resources that Counterclaim-Plaintiffs have invested developing, marketing, promoting and advertising the CIT® brand services, the CIT® Marks have acquired and maintained a highly regarded reputation and substantial goodwill. The CIT® Marks symbolize the substantial and material goodwill that Counterclaim-Plaintiffs have created for the CIT® Marks throughout the United States.

**ANSWER**:   The Counterclaim-Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 and therefore deny them.

18.   The CIT® Marks have become extremely well known to the consuming public and trade as identifying and distinguishing Counterclaim-Plaintiffs' CIT® brand lending, leasing and other financial and advisory services from those of Counterclaim-Plaintiffs' competitors.

**ANSWER**:   The Counterclaim-Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 and therefore deny them.

### B. Counterclaim-Defendants' Activities

19.   Counterclaim-Defendants provide equipment leasing and financing services in connection with the Infringing Marks which are identical or substantially similar to Counterclaim-Plaintiffs' CIT® Marks. Counterclaim-Defendants market, promote and sell their services in connection with the Infringing Marks to the trucking and logistics industries and on their website located at www.cittrucks.com. Attached hereto as **Exhibit 4** are print-outs from Counterclaim-Defendants' website featuring the Infringing Marks in connection with lending, leasing and other financial services.

**ANSWER**:   The Counterclaim-Defendants admit the allegations contained in Paragraph 19 insofar as the Counterclaim-Defendants provide equipment leasing and financing services and market, promote and sell their services to the trucking and logistics industries and on their Web site, which is located at www.cittrucks.com, and that Exhibit 4 consists of print-outs from Counterclaim-Defendants' Web site. The Counterclaim-Defendants deny the remaining allegations contained in Paragraph 19.

20.   Counterclaim-Defendants' use of the Infringing Marks commenced after Counterclaim-Plaintiffs' first use of the CIT® Marks. Counterclaim-Defendant, Central Illinois Trucks, Inc., was founded in 1975 as Central Illinois Kenworth Sales & Services, Inc. In 1985, Central Illinois Kenworth Sales & Services, Inc., changed its name to Counterclaim-Defendant, Central Illinois Trucks, Inc. In 2004, Counterclaim-Defendant, Central Illinois Trucks, Inc., filed for an assumed name of CIT Group, Inc. In 2008, Counterclaim Defendant, CIT Group Leasing, Inc. d/b/a CIT Paclease was formed. In 2011, Counterclaim-Defendant, CIT Equipment Finance, Inc. was formed.

**ANSWER**:   The Counterclaim-Defendants admit the allegations contained in Paragraph 19 insofar as Central Illinois Trucks, Inc., was founded

in 1975 as Central Illinois Kenworth Sales & Services, Inc.; in 1985 Central Illinois Kenworth Sales & Services, Inc. changed its name to Central Illinois Trucks, Inc.; in 2004 Central Illinois Trucks, Inc. filed for the assumed name of CIT Group, Inc; in 2008 CIT Group Leasing d/b/a CIT Paclease was formed; and in 2011 CIT Equipment Finance was formed. The Counterclaim-Defendants deny the remaining allegations contained in Paragraph 20.

21. Counterclaim-Defendants' unauthorized use of the Infringing Marks is likely to deceive, mislead and confuse the consuming public. Counterclaim-Defendants use the Infringing Marks with the purpose of trading on Counterclaim-Plaintiffs' goodwill, effort and investment. Consumers are likely to believe that Counterclaim-Defendants' equipment leasing and financing services originate with and/or are sponsored by, licensed from, or otherwise affiliated with Counterclaim-Plaintiffs.

**ANSWER**: The Counterclaim-Defendants deny the allegations contained in Paragraph 21.

22. Counterclaim-Defendants' unauthorized use of the Infringing Marks has already deceived, misled and confused the consuming public. Counterclaim-Plaintiffs are in receipt of evidence of actual consumer confusion between Counterclaim-Defendants' and Counterclaim-Plaintiffs' respective services.

**ANSWER**: The Counterclaim-Defendants deny the allegations contained in Paragraph 22.

23. Counterclaim-Defendants had prior knowledge of Counterclaim-Plaintiffs' CIT® Marks. Upon information and belief, Counterclaim-Defendants intended to trade upon and illegally profit from Counterclaim-Plaintiffs' substantial goodwill by adopting the Infringing Marks which are identical or substantially similar to Counterclaim-Plaintiffs' CIT® Marks.

**ANSWER**: The Counterclaim-Defendants deny the allegations contained in Paragraph 23.

24. Prior to the filing of this Complaint, Counterclaim-Plaintiffs' counsel sent a demand letter, dated January 24, 2013 to Counterclaim-

Defendants. Counterclaim-Plaintiffs' counsel sent another demand letter, dated March 15, 2013 to Counterclaim-Defendants' counsel. Counterclaim-Plaintiffs demanded that Counterclaim-Defendants cease all use of the Infringing Marks. Counterclaim-Plaintiffs advised Counterclaim-Defendants of Counterclaim-Plaintiffs' exclusive trademark rights in the CIT® Marks. Despite Counterclaim-Plaintiffs' demands, Counterclaim-Defendants have not ceased their illegal marketing and promotion of services under the Infringing Marks.

**ANSWER**:    The Counterclaim-Defendants admit the allegations contained in Paragraph 24 insofar as the Counter-Plaintiffs' counsel sent a letter to the Counterclaim-Defendants dated January 24, 2013 and insofar as the Counter-Plaintiffs' counsel sent a letter to the Counterclaim-Defendants dated March 15, 2013. The Counterclaim-Defendants deny the remaining allegations contained in Paragraph 21.

25.    Counterclaim-Defendants have refused to cease their infringing conduct despite being put on notice of Counterclaim-Plaintiffs' prior and exclusive rights in the CIT® Marks. Counterclaim-Defendants engage in deliberate, intentional and willful infringement designed to confuse consumers as to the source of Counterclaim-Defendants' services offered under the Infringing Marks.

**ANSWER**:    The Counterclaim-Defendants deny the allegations contained in Paragraph 25.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**
**UNDER SECTION 32(1) OF THE LANHAM ACT (15 U.S.C. § 1114(1))**

26.    Counterclaim-Plaintiffs repeat and reallege Paragraphs 1 through 25 as though fully set forth herein.

**ANSWER**:    The Counterclaim-Defendants incorporate by reference their answers to Paragraphs 1 through 25 of the Counterclaim-Plaintiffs' Counterclaim as if fully set forth herein.

27.    Counterclaim-Defendants' actions as described herein infringe

Counterclaim-Plaintiffs' exclusive rights in the federally registered and incontestable CIT® Marks for lending, leasing, financial and advisory services. Counterclaim-Defendants' aforementioned conduct is likely to cause confusion, mistake, or deception, and constitutes trademark infringement, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**ANSWER**:   The Counterclaim-Defendants deny the allegations contained in Paragraph 27.

28.   Counterclaim-Defendants' actions are with full knowledge of Counterclaim-Plaintiffs' long and extensive prior use of the CIT® Marks in connection with lending, leasing, financial and advisory services.

**ANSWER**:   The Counterclaim-Defendants deny the allegations contained in Paragraph 28.

29.   Counterclaim-Defendants' conduct is causing immediate and irreparable injury to Counterclaim-Plaintiffs, and to Counterclaim-Plaintiffs' goodwill and reputation, and will continue both to damage Counterclaim-Plaintiffs and to confuse the public unless enjoined by this Court. Counterclaim-Plaintiffs have no adequate remedy at law.

**ANSWER**:   The Counterclaim-Defendants deny the allegations contained in Paragraph 29.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

30.   Counterclaim-Plaintiffs repeat and reallege Paragraphs 1 through 29 as though fully set forth herein.

**ANSWER**:   The Counterclaim-Defendants incorporate by reference their answers to Paragraphs 1 through 29 as if fully set forth herein.

31.   Counterclaim-Defendants' use of the Infringing Marks is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection or association of Counterclaim-Defendants with Counterclaim-Plaintiffs, or as to the origin, sponsorship or approval of Counterclaim-Defendants' services by Counterclaim-Plaintiffs. Counterclaim-Defendants' unauthorized use of Counterclaim-Plaintiffs' CIT® Marks falsely represents

Counterclaim-Defendants as being legitimately associated with Counterclaim-Plaintiffs and places Counterclaim-Plaintiffs beyond control of their own reputation and ability to control the use of their marks.

**ANSWER**:   The Counterclaim-Defendants deny the allegations contained in Paragraph 31.

32.   Counterclaim-Defendants' above-described acts of unfair competition violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER**:   The Counterclaim-Defendants deny the allegations contained in Paragraph 32.

33.   Upon information and belief, the above-described conduct is willful and deliberate and with an intent to reap the benefit of Counterclaim-Plaintiffs' goodwill.

**ANSWER**:   The Counterclaim-Defendants deny the allegations contained in Paragraph 33.

34.   The aforesaid conduct is causing Counterclaim-Plaintiffs to suffer irreparable injury and damage, which injuries and damage are not capable of determination or adequate remedy at law and, unless restrained, will cause further irreparable injury and damage to Counterclaim-Plaintiffs. Counterclaim-Plaintiffs have no adequate remedy at law.

**ANSWER**:   The Counterclaim-Defendants deny the allegations contained in Paragraph 34.

## COUNT III
## FEDERAL TRADEMARK DILUTION UNDER
## SECTION 43(c) OF THE LANHAM ACT (15 U.S.C. § 1125(c))

35.   Counterclaim-Plaintiffs repeat and reallege Paragraphs 1 through 34 as though fully set forth herein.

**ANSWER**:   The Counterclaim-Defendants incorporate by reference their answers to Paragraphs 1 through 34 as if fully set forth herein.

36. Counterclaim-Plaintiffs' CIT® Marks are famous and well-known throughout the United States and were famous at the time of Counterclaim-Defendants' infringing activities. Counterclaim-Plaintiffs are publicly traded and the CIT® Marks have been used extensively by at least one of counterclaim-Plaintiffs or their predecessors and affiliates for over 95 years. By reason of Counterclaim-Plaintiffs' extensive use of the CIT® Marks, they have become highly distinctive of Counterclaim-Plaintiffs' services and are uniquely and exclusively associated with Counterclaim-Plaintiffs.

**ANSWER**: The Counterclaim-Defendants deny the allegations contained in Paragraph 36.

37. Any use by Counterclaim-Defendants of the Infringing Marks in connection with equipment leasing, financing services and trucking services is likely to dilute the distinctive quality of Counterclaim-Plaintiffs' famous trademarks, by lessening the capacity of the CIT® Marks to exclusively identify and distinguish Counterclaim-Plaintiffs and their services in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

**ANSWER**: The Counterclaim-Defendants deny the allegations contained in Paragraph 37.

38. Upon information and belief, the foregoing acts were done willfully and deliberately and with an intent to reap the benefit of Counterclaim-Plaintiffs' goodwill and dilute the distinctiveness of Counterclaim-Plaintiffs' CIT® Marks.

**ANSWER**: The Counterclaim-Defendants deny the allegations contained in Paragraph 38.

39. The aforesaid conduct is causing Counterclaim-Plaintiffs to suffer irreparable injury and damage, and, unless restrained, will cause further irreparable injury and damage to Counterclaim-Plaintiffs. Counterclaim-Plaintiffs have no adequate remedy at law.

**ANSWER**: The Counterclaim-Defendants deny the allegations contained in Paragraph 39.

## COUNT IV
## STATE TRADEMARK DILUTION UNDER 765 ILCS § 1036/65

40. Counterclaim-Plaintiffs repeat and reallege Paragraphs 1 through 39 as though fully set forth herein.

**ANSWER**: The Counterclaim-Defendants incorporate by reference their answers to Paragraphs 1 through 39 as if fully set forth herein.

41. Counterclaim-Plaintiffs' CIT® Marks are famous and well-known throughout the United States, including the State of Illinois, and were famous at the time of Counterclaim-Defendants' infringing activities. Counterclaim-Plaintiffs' are publicly traded and the CIT® Marks have been used extensively by at least one of Counterclaim-Plaintiffs or their predecessors and affiliates for over 95 years. By reason of Counterclaim-Plaintiffs' extensive use of their CIT® Marks, they have become highly distinctive of Counterclaim-Plaintiffs' services and are uniquely and exclusively associated with Counterclaim-Plaintiffs.

**ANSWER**: The Counterclaim-Defendants deny the allegations contained in Paragraph 41.

42. Any use by Counterclaim-Defendants of the Infringing Marks in connection with equipment leasing, financing services and trucking services is likely to dilute the distinctive quality of Counterclaim-Plaintiffs' famous trademarks, by lessening the capacity of the CIT® Marks to exclusively identify and distinguish Counterclaim-Plaintiffs and their services in violation of 765 ILCS § 1036/65.

**ANSWER**: The Counterclaim-Defendants deny the allegations contained in Paragraph 42.

43. Upon information and belief, the foregoing acts were done willfully and deliberately and with an intent to reap the benefit of Counterclaim-Plaintiffs' goodwill and dilute the distinctiveness of Counterclaim-Plaintiffs' CIT® Marks.

**ANSWER**: The Counterclaim-Defendants deny the allegations contained in Paragraph 43.

44. The aforesaid conduct is causing Counterclaim-Plaintiffs to suffer irreparable injury and damage, and, unless restrained, will cause further irreparable injury and damage to Counterclaim-Plaintiffs. Counterclaim-Plaintiffs have no adequate remedy at law.

**ANSWER**:  The Counterclaim-Defendants deny the allegations contained in Paragraph 44.

**COUNT V**
**DECEPTIVE TRADE PRACTICES UNDER 815 ILCS § 510/1**

45. Counterclaim-Plaintiffs repeat and reallege Paragraphs 1 through 44 and incorporate them as if fully set forth herein.

**ANSWER**:  The Counterclaim-Defendants incorporate by reference their answers to Paragraphs 1 through 44 as if fully set forth herein.

46. As a result of the aforesaid acts, Counterclaim-Defendants have been and are engaging in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, *et seq*.

**ANSWER**:  The Counterclaim-Defendants deny the allegations contained in Paragraph 46.

47. Counterclaim-Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Counterclaim-Plaintiffs great and irreparable injury that cannot fully be compensated for or measured in money. Counterclaim-Plaintiffs have no adequate remedy at law.

**ANSWER**:  The Counterclaim-Defendants deny the allegations contained in Paragraph 47.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

1. The Counterclaim-Plaintiffs' Counterclaim, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. The Counterclaim-Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

3. The Counterclaim-Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

4. The Counterclaim-Plaintiffs' Counterclaim is barred, in whole or in part, by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

5. The Counterclaim-Plaintiffs' claims, or some of them, are limited and/or barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

6. Acronyms are weak trademarks. Therefore, the Counterclaim-Plaintiffs' rights are limited.

### SEVENTH AFFIRMATIVE DEFENSE

7. The Counterclaim-Plaintiff's acronym, CIT, stands for Commercial Investment Trust per Exhibit 1 attached to the Counterclaim-Plaintiffs' Counterclaim.

### EIGHTH AFFIRMATIVE DEFENSE

8. Per Exhibit 3 attached to the Counterclaim-Plaintiffs' Counterclaim, CIT Transportation Finance provides leasing and secured financing primarily to end-users of aircraft, locomotives, railcars and ships.

## NINTH AFFIRMATIVE DEFENSE

9. The Counterclaim-Defendants' leasing and financing is limited to trucks and provided for through its dealership services which has been using the acronym CIT since 1976.

## TENTH AFFIRMATIVE DEFENSE

10. There is no likelihood of confusion, mistake, or deception because, *inter alia*, the Counterclaim-Defendant's "CIT Equipment Finance, Inc.," "CIT Group Leasing, Inc.," and "CIT PacLease, Inc." marks are not confusingly similar to the Counterclaim-Plaintiffs' marks "The CIT Group," "The CIT Group & Design," "CIT," and "CIT & Design." The Counterclaim-Defendants did not intend to pass their services off as those of the Counterclaim-Plaintiffs and the Counterclaim-Defendants are not aware of any actual confusion in connection with the Counterclaim-Defendants' marks.

## ELEVENTH AFFIRMATIVE DEFENSE

11. There is no likelihood of confusion, mistake, or deception because, *inter alia*, the Counterclaim-Defendants' "CIT Equipment Finance, Inc.," "CIT Group Leasing, Inc.," and "CIT PacLease, Inc." marks are not confusingly similar to the Counterclaim-Plaintiffs' mark "The CIT Group," "The CIT Group & Design," "CIT," and "CIT & Design." The Counterclaim-Defendants believe that the relevant marks are clearly distinguishable due to the inherent differences in the services being offered.

## ADDITIONAL DEFENSES

The Counterclaim-Defendants reserve the right to assert additional defenses based on information learned or obtained during discovery.

**WHEREFORE**, Counterclaim-Defendants Central Illinois Trucks, Inc., d/b/a CIT Group, Inc.; CIT Equipment Finance, Inc., CIT Group Leasing, Inc., and CIT Paclease, Inc., pray that the Court:

A.  Dismiss each Count of the Counter-Plaintiffs' Complaint for Declaratory Judgment;

B.  Grant Counterclaim-Defendants their attorneys' fees and costs, and

C.  Grant any additional relief the Court deems just and proper.

> Respectfully submitted,
>
> CENTRAL ILLINOIS TRUCKS, INC., d/b/a CIT Group, Inc., CIT EQUIPMENT FINANCE, INC., CIT GROUP LEASING, INC., and CIT PACLEASE, INC.,
>
>
> By:   /s/Duane D. Young
>         Duane D. Young

Dated: December 20, 2013

<u>Attorneys' Address</u>:
DUANE D. YOUNG
Registration No.:  3091457
BARBARA K. MYERS
Registration No.: 6305866
LaBARRE, YOUNG & BEHNKE
1300 South Eighth Street
Suite Two
Springfield, Illinois  62703
Telephone:  (217) 544-8500
Facsimile:  (217) 544-6200
duane@lyblaw.com
barbara@lyblaw.com

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on December 20, 2013, he caused the foregoing Plaintiffs' Answer and Affirmative Defenses to Defendants' Counterclaim for Declaratory Judgment to be electronically filed with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which will send electronic notification of the filing to those parties who have appeared and are registered as CM/ECF participants. Parties may access this filing through the Court's system.

                                              /s/Duane D. Young
                                                Duane D. Young