E-FILED
Friday, 07 February, 2014  10:12:59 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS TRUCKS, INC., d/b/a CIT GROUP, INC., CIT EQUIPMENT FINANCE, INC., CIT GROUP LEASING, INC., d/b/a CIT PACLEASE, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> CIT GROUP INC., CIT BANK, and CIT FINANCE LLC, <br><br>  Defendants. | **No. 1:13-cv-01379-JES-JAG** <br><br><br><br> **DISCOVERY PLAN** |
| CIT GROUP INC., CIT BANK, and CIT FINANCE LLC, <br><br>  Counterclaim-Plaintiffs, <br><br> v. <br><br> CENTRAL ILLINOIS TRUCKS, INC., d/b/a CIT GROUP, INC., CIT EQUIPMENT FINANCE, INC., CIT GROUP LEASING, INC., d/b/a CIT PACLEASE, INC., <br><br>  Counterclaim-Defendants. | |

This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. The deadline to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) is February 28, 2014.

2. The deadline to join additional parties is May 26, 2014.

3. The deadline to amend pleadings is May 26, 2014.

4. The parties shall complete non-expert depositions by September 29, 2014.

5. The parties shall complete fact discovery by September 29, 2014.

6. The deadline for expert disclosure is October 27, 2014.

7. The deadline for expert reports is December 1, 2014.

8. The parties shall serve rebuttal expert reports by January 15, 2015.

9. The parties shall complete expert discovery by February 16, 2015.

10. The deadline for filing case dispositive motions is April 27, 2015.

11. The parties do not consent to conducting all further proceedings, including motions and trial, before a Magistrate Judge.

12. The parties do not agree to any additional limitations on the types, scope, timing or sequence of discovery beyond those imposed under the Federal and local rules.

13. Plaintiff anticipates that discovery may be needed on subjects, including, but not limited to: (1) evidence of confusion between Plaintiff and Defendant's marks; (2) Defendant's survey evidence of any likelihood of confusion between Plaintiff and Defendant's marks; (3) Defendant's marketing, distribution and promotion of products and services offered under its marks; and, (4) Defendant's knowledge of Plaintiff's use of Plaintiff's marks.

    The Defendants anticipate that discovery may be needed on subjects, including, but not limited to: (1) Plaintiffs' violations of Defendants' intellectual property rights and the nature and length of time of such activities; (2) Plaintiffs' marketing, distribution, and/or promotion of their services under their infringing names incorporating the term "CIT;" (3) Plaintiffs' knowledge of Defendants' prior use of marks incorporating the term "CIT;" (4) Plaintiffs' selection and adoption of the infringing CIT names; and (5) Plaintiffs' revenue and profits realized as a result of Plaintiffs' violation of Defendants' intellectual property rights.

14. The parties agree to take reasonable steps to preserve electronically stored information and electronically stored information will be produced by a method to be later agreed upon by the parties in light of the relevant electronically stored information available.

15. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection, such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the inadvertently disclosed information and its subject matter.  Subject to the terms set forth in a more detailed protective order, if a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the inadvertently disclosed information, and provide a certification of counsel that all such information has been returned or destroyed.

SO ORDERED.

Dated: Peoria, Illinois

_____
John A. Gorman, U.S. Magistrate Judge