UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS TRUCKS, INC., d/b/a CIT GROUP, INC., CIT EQUIPMENT FINANCE, INC., CIT GROUP LEASING, INC., d/b/a CIT PACLEASE, INC., <br><br>Plaintiffs,<br><br>v.<br><br>CIT GROUP INC., CIT BANK, and CIT FINANCE LLC,<br><br>Defendants.<br>CIT GROUP INC., CIT BANK, and CIT FINANCE LLC,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>CENTRAL ILLINOIS TRUCKS, INC., d/b/a CIT GROUP, INC., CIT EQUIPMENT FINANCE, INC., CIT GROUP LEASING, INC., d/b/a CIT PACLEASE, INC.,<br><br>Counterclaim-Defendants | No. 1:13-cv-01379-JES-JAG |

### DEFENDANTS/COUNTERCLAIM-PLAINTIFFS' <u>FIRST SET OF INTERROGATORIES</u>

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants/Counterclaim-Plaintiffs CIT Group Inc., CIT Bank, and CIT Finance LLC (hereinafter, "Defendants/Counterclaim-Plaintiffs") hereby request that Plaintiffs/Counterclaim-Defendants Central Illinois Trucks, Inc., d/b/a CIT Group, Inc., CIT Equipment Finance, Inc., CIT Group Leasing, Inc., d/b/a CIT Paclease, Inc. (hereinafter,

"Plaintiffs/Counterclaim-Defendants"), answer under oath and respond to the following Interrogatories not later than thirty (30) days after service of this request.

## DEFINITIONS

A. The terms "you," "your" or "Plaintiffs/Counterclaim-Defendants" as used herein shall mean any of the Plaintiffs/Counterclaim-Defendants, Central Illinois Trucks, Inc., d/b/a CIT Group, Inc., CIT Equipment Finance, Inc., CIT Group Leasing, Inc., d/b/a CIT Paclease, Inc. and any division, parent, subsidiary, affiliate, licensee, franchisee, successor, predecessor in interest, assign or other related business entity, and any current or former director, officer, employee, agent, representative or other person acting or purporting to act on their behalf.

B. The terms "Defendants/Counterclaim-Plaintiffs" as used herein shall mean any of the Defendants/Counterclaim-Plaintiffs, CIT Group Inc., CIT Bank, and CIT Finance LLC and any division, parent, subsidiary, affiliate, licensee, franchisee, successor, predecessor in interest, assign or other related business entity, and any current or former director, officer, employee, agent, representative or other person acting or purporting to act on their behalf.

C. The term "person" shall mean natural persons and legal entities and includes firms, partnerships, associations and corporations.

D. The term "Defendants'/Counterclaim-Plaintiffs' Marks" as used herein, shall mean Defendants'/Counterclaim-Plaintiffs' trademarks, namely THE CIT GROUP®; THE CIT GROUP & Design®; CIT®; CIT & Design®; C IT® and CIT.COM® covered by United States trademark registrations numbers 1,448,848; 1,452,503; 2,766,028; and 2,781,012 and further described in Defendants'/Counterclaim-Plaintiffs' Counterclaims filed by Defendants/Counterclaim-Plaintiffs in Civil Action No. 1:13-cv-01379-JES-JAG, which is currently pending in the United States District Court for the Central District of Illinois.

E. The term "document" is used in the broadest sense consistent with the Federal Rules of Civil Procedure and includes, without limitation, the original and any copy of the following items, whether printed, written, contained in a computer storage device such as a

floppy disk or computer memory, and whether produced by and/or reproduced by any process, namely: printed matter, notes, correspondence, internal company communications, telegrams, cables, telexes, ledgers, calendars, diaries, books, statements, memoranda, summaries or records of conversations, minutes or records of meetings, reports, records, market surveys, market research, tabulations, contracts, invoices, receipts, vouchers, charges, labels, artwork, mockup labels, films, video tapes, photo boards, drawings, graphs, photographs, microfilms, tape recordings, reports and/or summaries of interviews or investigations, opinions or reports of consultants, promotional literature, trade letters, press releases, drafts of documents and revisions of drafts of documents, notes or comments on or appended to requested documents, and other written or recorded material now or formerly in the possession, custody or control of Plaintiffs'/Counterclaim Defendants.

F. The term "Infringing Marks" as used herein, shall mean Plaintiffs'/Counterclaim-Defendants' use of the names CIT; CIT Group, Inc.; CIT Group Leasing, Inc.; CIT Equipment Finance, Inc.; and CIT Paclease, Inc. as further described in the Counterclaims filed by Defendants/Counterclaim-Plaintiffs in Civil Action No. 1:13-cv-01379-JES-JAG, which is currently pending in the United States District Court for the Central District of Illinois.

G. The term "concerning" means relating to, referring to, describing, evidencing or constituting. A request for a document or thing "concerning" any assertions or claims includes not only documents and things supporting or evidencing any such assertion or claim, but also documents or things negating or tending to disprove the assertion or claim.

H. Whenever the terms "and" or "or" are used they are to be construed both disjunctively and conjunctively as necessary to bring within the scope of the Interrogatory responses that might otherwise be construed to be outside of its scope.

I. The use of the singular form of any word includes the plural and vice versa. Similarly, references to the masculine gender shall apply equally to the feminine gender.

J. For the purposes of these Interrogatories:

a. "any" means "any and all";

b. "every" means "all and each"; and

c. "including" and "including, but not limited to" are used herein to illustrate responses to a particular Interrogatory. Phrases employing either term are not exhaustive of the materials sought and in no way limit the scope of any Interrogatory.

## INSTRUCTIONS

A. These Interrogatories are intended to be continuing within the scope and meaning of the Federal Rules of Civil Procedure. If, at any time after you prepare and furnish the requested materials you ascertain or acquire additional information, you are requested to produce such supplemental information immediately.

B. In answering these Interrogatories, even though the questions may be directed to "Plaintiffs/Counterclaim-Defendants" or "you," furnish all information which is available to you, including information in the possession, custody or control of your attorneys, agents, employees, investigators, consultants, experts and licensees, as well as any firm, company, corporation or business in which you own a controlling interest or over which you exercise control. If you cannot answer any of the following Interrogatories in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

C. If Plaintiffs/Counterclaim-Defendants object to furnishing information requested in response to any Interrogatory, or any part or portion thereof, Plaintiffs/Counterclaim-Defendants should specifically state the basis of such objection, identify the information or documents to which each objection applies, and furnish all requested information or documents to which the objection does not apply. Any objection for which a basis has not been specifically stated within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

D.  If Plaintiffs/Counterclaim-Defendants assert a claim of privilege in objecting to any Interrogatory, or part or portion thereof, and information is withheld on the basis of such assertion:

a.  The person asserting the privilege shall, as a part of the objection to the Interrogatory, or part or portion thereof, identify the nature of the privilege which is being claimed and if the privilege is being asserted in connection with a claim or a defense governed by state law, indicate the state rule of privilege being invoked; and

b.  The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of information; (2) the general subject matter of the information; and (3) such other information as is sufficient to identify the information for a motion to compel.

E.  For the convenience of the Court and the parties, each Interrogatory should be quoted in full immediately preceding the response.

F.  The term "identify," when used with respect to a person, means to state the full name of the person, the present or last known residence and business address of the person, the present or last known business affiliation, including the position or title of said person and the address at which he or she is employed.

G.  The term "identify" when used with respect to documents means to give, to the extent known, the:

a.  type of document;

b.  general subject matter of the document;

c.  date of the document;

d.  the identity of the author(s), addressee(s) and recipient(s) of the document; and

e.  location and custodian of the document.

## INTERROGATORIES

**INTERROGATORY NO. 1**:

Describe in specific terms the type of goods or services previously or currently sold, provided, marketed, promoted, advertised, distributed or rendered, or intended to be sold, provided, marketed, promoted, advertised, distributed or rendered, under or in connection with any of the Infringing Marks.

**INTERROGATORY NO. 2**:

Identify all person(s) having the greatest knowledge of the goods or services previously or currently sold, marketed, promoted, advertised, distributed or intended to be sold, marketed, promoted, advertised, distributed in connection with any of the Infringing Marks and, for each person identified, describe the activities of such person in connection therewith.

**INTERROGATORY NO. 3**:

Describe in specific terms the results of all search reports, studies, surveys, investigations, research, development, analyses, evaluations, comments, opinions and/or other communications requested and/or received by any of Plaintiffs/Counterclaim-Defendants, orally or in writing, concerning any of the Infringing Marks.

**INTERROGATORY NO. 4**:

Identify all employees, representatives, agents or other persons having the greatest knowledge of any of Plaintiffs'/Counterclaim-Defendants' selection, adoption and use of any of the Infringing Marks.

**INTERROGATORY NO. 5**:

State whether any of Plaintiffs/Counterclaim-Defendants are aware of any incident or have received any inquiries as to whether the services operated by any of Plaintiffs/Counterclaim-Defendants under any of the Infringing Marks are in any way associated with, sponsored by, licensed by, endorsed by or affiliated with any of Defendants/Counterclaim-Plaintiffs. For each such incident or inquiry (a) identify each person involved in the incident or making such inquiry; (b) describe each incident or inquiry; and (c)

identify any documents concerning each incident or inquiry.

**INTERROGATORY NO. 6**:

Describe in detail all past and current marketing, promotional, advertising and distribution channels through which any of Plaintiffs'/Counterclaim-Defendants' goods or services have been, are or intended to be marketed, promoted, advertised, distributed, and/or sold under or in connection with any of the Infringing Marks.

**INTERROGATORY NO. 7**:

Describe in detail all geographical locations that any of Plaintiffs/Counterclaim-Defendants have or plan to market, promote, advertise, distribute, sell any goods or services in connection with any of the Infringing Marks.

**INTERROGATORY NO. 8**:

Identify all customers to whom Plaintiffs/Counterclaim-Defendants have, currently or intend to market, promote, advertise, distribute or sell goods or services under or in connection with any of the Infringing Marks.

**INTERROGATORY NO. 9**:

Describe in detail any of Plaintiffs'/Counterclaim-Defendants' past, current or projected sales or profits of goods or services sold or to be sold under or in connection with any of the Infringing Marks.

**INTERROGATORY NO. 10**:

Describe in detail when and how any of Plaintiffs/Counterclaim-Defendants first became aware of any of Defendants'/Counterclaim-Plaintiffs' Marks, or any of them, identifying the individuals involved and all documents concerning such initial awareness.

**INTERROGATORY NO. 11**:

Describe in detail, the dates in which Plaintiffs/Counterclaim-Defendants first used any of the Infringing Marks.

**INTERROGATORY NO. 12**:

Describe in detail, the organization or incorporation of any of the

Plaintiffs/Counterclaim-Defendants, including the dates of organization or incorporation.

**INTERROGATORY NO. 13:**

Identify all employees, representatives, agents or other persons having the greatest knowledge of all third parties that are currently using, have ever used or plan to use any of the Infringing Marks.

**INTERROGATORY NO. 14:**

Identify any employees, representatives, agents or other persons having the greatest knowledge regarding the organization or incorporation of any of the Plaintiffs/Counterclaim-Defendants, including the dates of organization or incorporation.

**INTERROGATORY NO. 15:**

Describe in detail, including a quantification, all of Plaintiffs'/Counterclaim-Defendants' costs incurred in marketing, promoting, advertising, distributing or selling any goods or services under any of the Infringing Marks.

**INTERROGATORY NO. 16:**

Identify all person(s) who are members, owners and/or officers or directors of any of Plaintiffs/Counterclaim-Defendants.

**INTERROGATORY NO. 17:**

Identify any person(s) who was consulted or whose documents or files were consulted and/or who supplied information for the preparation of any of Plaintiffs'/Counterclaim-Defendants' responses to these Interrogatories.

**INTERROGATORY NO. 18:**

Identify any person(s) whom you may call as an expert witness in this proceeding, and for each such person set forth a complete statement of all opinions to be expressed and the basis and reasons therefor.

**INTERROGATORY NO. 19**:

Describe in detail the factual basis for each claim set forth in the Complaint.

DATED: February 12, 2014        Respectfully submitted,

By: *[signature]*
Richard P. Darke
One of the Attorneys for
Defendants/Counterclaim-Plaintiffs CIT Group Inc., CIT Bank, and CIT Finance LLC


Richard P. Darke, Esq.
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603-3433
Telephone: (312) 499-6743
Facsimile: (312) 277-2355
E-mail: RPDarke@duanemorris.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 12, 2014, he caused the foregoing to be served via U.S. Mail, by depositing a true and correct copy of same in the U.S. Mail depository at 190 South LaSalle Street, Chicago, Illinois, with postage prepaid, and via Electronic Mail, addressed to:

Duane D. Young, Esq.
LABARRE YOUNG & BEHNKE
1300 S 8th St., Ste. 2
Springfield, IL 62703
Telephone: (217) 544-8500
Facsimile: (217) 544-6200
E-mail: duane@lyblaw.com

                                                    Richard P. Darke

DM2\4603062.1