IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS TRUCKS, INC. d/b/a CIT GROUP, INC., CIT EQUIPMENT FINANCE, INC., CIT GROUP LEASING, INC., and CIT PACLEASE, <br><br> Plaintiffs, <br><br> vs. <br><br> CIT GROUP INC., CIT BANK, and CIT FINANCE LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) Case No. 1:13-cv-01379-JES-JEH ) ) ) ) ) ) |

# **STIPULATED PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED** and agreed between the parties to this action through their respective counsel, as follows:

1. Any person subject to this Protective Order who receives from any other person any information of any kind provided in the course of this action ("Disclosed Material") that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Protective Order shall not disclose such Confidential or Attorneys' Eyes Only material to anyone else except as expressly permitted hereunder.

2. The person producing any Disclosed Material may designate as Confidential or Attorneys' Eyes Only such portion of such material as consists of:

    a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty

rates, minimum guarantee payments, sales reports and sale margins);

      b)    previously nondisclosed material relating to ownership or control of any nonpublic or public company;

      c)    previously nondisclosed business plans, product development information, marketing plans or other information of a similar type;

      d)    any information of a personal or intimate nature regarding any individual; or

      e)    any other category of information hereinafter given confidential status by the Court.

3. Except for deposition transcripts and exhibits, the producing person or that person's counsel may designate all materials containing Confidential or Attorneys' Eyes Only material by stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the protected materials in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential or Attorneys' Eyes Only information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Attorneys' Eyes Only Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Disclosed Material that was previously produced

without limitation should be designated as Confidential or Attorneys' Eyes Only, that person may so designate by so apprising all parties in writing, and such designated portion(s) of the Disclosed Material will thereafter be treated as Confidential or Attorneys' Eyes Only under the terms of this Protective Order.

5. Except as modified by Paragraph 7, with respect to materials designated Confidential or Attorneys' Eyes Only, no person subject to this Protective Order, other than the producing person, shall disclose any of the Disclosed Material designated by the producing person as Confidential or Attorneys' Eyes Only to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this

action;

(g) the Court and its support personnel; and

(h) such other persons that may be authorized by the Court upon motion of either party or upon stipulation of all parties as entered by the Court

6. Prior to any disclosure of any Confidential or Attorneys' Eyes Only Disclosure Material to any person referred to in subparagraphs 5(d), (e), and (h) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. A heightened level of protection will be afforded to Disclosed Material designated as Attorneys' Eyes Only. With respect to Disclosed Material designated as Attorneys' Eyes Only, the parties agree as follows:

(a) A designation of Attorneys' Eyes Only may be made by any producing or designating person only after such person has made a good faith determination that the Disclosed Material includes or constitutes confidential or proprietary information which, if disclosed to an opposing party, rather than to its counsel, could result in serious injury or harm to the producing or designating party's interests, including, but not limited to, documents or

information containing or referring to trade secrets or other confidential or proprietary information, technical research, design documents, and business or financial information.

(b) Disclosed Material designated as Attorneys' Eyes Only may only be disclosed to persons identified in subparagraphs 5(b), (c), (d), (e), (f), (g), and (h). The parties agree that the person to whom the Attorneys' Eyes Only Material is disclosed will not use such information or documents for competitive purposes, including, but not limited to, to conceive, create, design, develop, advertise, or sell any products or services that will compete with the disclosing party.

8. Notwithstanding the foregoing provisions, all Disclosed Materials will be available to governmental authorities, including, but not limited to, regulators of financial institutions, for review, inspection, or any other purpose. Moreover, the Disclosed Materials may be provided pursuant to court order or a valid subpoena, although in such case the party required to produce the documents shall make a good faith effort to provide notice of the order or subpoena to the other party before producing the documents.

9. The Court does not approve of the filing of documents under seal as a general matter. If any party decides to file any Disclosed Material designated Confidential or Attorneys' Eyes Only with the Court, such document should be filed under seal. The party making the filing must first review Local Rule 5.10 of this Court, and then must follow the procedures in that Rule for filing documents under seal. If the motion to seal is challenged by the Court, the party making

the designation has the burden of coming forward to establish that the document should remain under seal.

10. Notwithstanding the foregoing provisions, this Protective Order shall not be construed as a waiver of any objections which might be raised as to the admissibility at trial of any evidentiary material. Nor shall this Protective Order or the designation of any information as Confidential or Attorneys' Eyes Only be deemed as an admission that such information is Confidential in fact or in law.

11. In the event of a dispute between the parties as to whether a material designated as Confidential or Attorneys' Eyes Only is in fact confidential, the parties may refer the matter to the Court for resolution. Pending resolution of the dispute by the Court, however, a disputed material which is designated Confidential or Attorneys' Eyes Only shall be treated as such.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. The receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

17. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, the parties shall return to the producing person all materials designated Confidential or Attorneys' Eyes Only, including all copies thereof, or upon permission of the producing person, the materials shall be destroyed.

18. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**STIPULATED AND AGREED** to this \_\_\_ day of _____, 2014.

CENTRAL ILLINOIS TRUCKS, INC.,
d/b/a CIT GROUP, INC., CIT EQUIPMENT
FINANCE, INC., CIT GROUP LEASING,
INC., and CIT PACLEASE, Plaintiffs,


BY: __/s/ Duane D. Young_____
     One of their attorneys


CIT GROUP INC., CIT BANK, and CIT
FINANCE LLC, Defendants,


BY:__/s/ Richard P. Darke_____
     One of their attorneys


SO ORDERED:


DATE: _____      _____
                                                                           Honorable Jonathan E. Hawley
                                                                           United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CENTRAL ILLINOIS TRUCKS, INC., d/b/a CIT GROUP, INC., CIT EQUIPMENT FINANCE, INC., CIT GROUP LEASING, INC., and CIT PACLEASE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | Case No. 1:13-cv-01379-JES-JEH |
| CIT GROUP INC., CIT BANK, and CIT FINANCE LLC, | ) ) ) | |
| Defendants. | ) ) | |

# **NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Stipulated Protective Order in this action governing the non-disclosure of those portions of Disclosed Material that have been designated as Confidential or Attorneys' Eyes Only. I agree that I will not disclose such Confidential or Attorneys' Eyes Only material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all material to the person, party or attorney from whom I received it. By acknowledging these obligations under the Stipulated Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Central District of Illinois for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the

Stipulated Protective Order could subject me to punishment for contempt of Court.

Dated: _____  _____